## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MONA ELHELBAWY,
                Appellant,

      v.

DEPARTMENT OF COMMERCE,
                Agency.

DOCKET NUMBER
DE-0752-13-0130-I-2

DATE: June 16, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mona ElHelbawy</u>, Boulder, Colorado, pro se.

<u>Christiann M. Colpoys</u>, and <u>John K. Guenther</u>, Esquire, Washington, D.C.,
    for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal for absence without leave (AWOL) and failure to follow leave-requesting procedures. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). However, we FORWARD the appellant's individual right of action (IRA) appeal to the field office for adjudication.

## BACKGROUND

¶2     The agency removed the appellant from her Electronics Engineer position on charges of being AWOL and failing to follow leave-requesting procedures on April 11-13, May 3-4, 7; and from May 9, to October 12, 2012. *ElHelbawy v. Department of Commerce*, MSPB Docket No. DE-0752-13-0130-I-1, Initial Appeal File (IAF-1), Tabs 21-22. Following a hearing, the administrative judge issued an initial decision finding that the agency proved its charges, the appellant failed to prove her affirmative defenses, and the chosen penalty was reasonable and promoted the efficiency of the service. *ElHelbawy v. Department of Commerce*, MSPB Docket No. DE-0752-13-0130-I-2, Initial Appeal File (IAF-2), Tab 92, Initial Decision (ID). The appellant filed a petition for review, challenging the administrative judge's findings. *See* Petition for Review (PFR)

File, Tab 1.[2] The agency has filed responses and many other pleadings thereafter to the petition for review, PFR File, Tabs 4-5, 9, 14, 18-19, 22, 24, to which the appellant has replied, PFR, Tabs 3, 6-8, 10, 12-13, 15-17, 20, 23, 25.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge's findings were correct.

¶3    The appellant argues on review that the administrative judge's findings below were erroneous. PFR File, Tabs 1, 13. We disagree. We find that the administrative judge correctly determined that the agency proved its two charges. The administrative judge correctly found the agency established that the medical documentation produced by the appellant was insufficient to justify her absences from the workplace, the agency appropriately denied her full-time telework request, and she was AWOL on the dates charged. ID at 3-9. The administrative judge also properly determined that the agency demonstrated that the appellant failed to follow leave procedures by not producing adequate medical certifications to support her absences. *Id*.

¶4    Further, we find that the administrative judge correctly determined that the appellant failed to prove her affirmative defenses of harmful procedural error and reprisal for protected equal employment opportunity and whistleblowing activities by the requisite preponderant evidence. ID at 11-15. We also agree with the administrative judge that the appellant failed to prove her allegations of race, color, sex, religion, and national origin discrimination. ID at 10-11.

¶5    We find, moreover, that the administrative judge properly held that the appellant did not prove her disability discrimination claim because, based on the medical reports in the record from the appellant's various medical providers, she

---

[2] The appellant's petition for review was filed 1 day after the deadline set forth in the initial decision, but she asserts that problems with the Board's e-Appeal Online system prevented her from filing in a timely fashion. PFR File, Tab 1 at 3-4. Because e-Appeal Online was unavailable, as asserted by the appellant, we find that there was good cause for the untimely filing of the petition for review. *See* 5 C.F.R. § 1201.114(g).

failed to show that she was suffering from a physical impairment and thus she did not establish that she was an individual with a disability under 29 C.F.R. § 1630.2(g).  ID at 9-11.

¶6        In addition to the findings made by the administrative judge on this affirmative defense, we also note that the agency acted appropriately in directing the appellant to provide medical documentation to substantiate her absences, considering that she had been absent for a significant period of time.  She told her supervisor that she could not inform the agency how long she would remain absent, and she said she would be unable to secure an appointment at a particular hospital to see a specialist about her medical conditions until 3 months later. Based on our review of the record, we also find that:  (1) the appellant's medical conditions were primarily subjective in nature; (2)  medical evidence was required to establish the existence of a disability because the scope of the appellant's physical limitations was not obvious; (3) none of the appellant's medical providers were able to provide a definitive diagnosis; (4) the agency tested the air quality of the building where the appellant worked and determined that the air quality was fine; (5) absent a few exceptions, it would be impossible for a federal agency to provide the appellant with what she was demanding here— a completely dust-free workplace; and (6) the appellant's doctor's determination that there was an outside chance that the appellant's medical condition might have been caused by occupational asthma or "sick building syndrome" was merely a guess, not a medical opinion, and this speculation was contradicted by the air quality testing report.  We further find that the record reflects that the agency engaged in the required interactive process.  Thus, we believe that the agency should not be forced, under the circumstances presented here, to relinquish its policy limiting the number of hours in a pay period for approved telework, and, even if we were to find that the appellant was a qualified individual with a disability, that would not mean that she would be allowed to dictate to the agency what her reasonable accommodation must be.  *See Clemens*

*v. Department of the Army*, [120 M.S.P.R. 616](#), ¶¶ 12-17 (2014) (the appellant failed to show that the accommodation he allegedly sought was reasonable); *see also Massey v. Department of the Army*, [120 M.S.P.R. 226](#), ¶ 12 (2013) (the agency's failure to fulfill its obligation to search for a position as a reasonable accommodation does not relieve the appellant of her burden of ultimately showing that such positions existed and were available).

¶7       Lastly, we find that the administrative judge correctly determined that the agency proved that the penalty of removal was reasonable and promoted the efficiency of the service. ID at 15-17. In sum, despite the appellant's disagreement with the initial decision, we discern no basis for disturbing the administrative judge's well-reasoned findings on review. *See Weaver v. Department of the Navy*, [2 M.S.P.R. 129](#), 133-34 (1980) (mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board).

<u>We have reviewed the appellant's numerous pleadings filed on petition for review, but find that they do not change our determination.</u>

¶8       The appellant filed numerous pleadings after the agency filed its response to the petition for review regarding her submission of a reply to the agency's response to her petition for review. PFR File, Tabs 6-8, 10, 12. In a September 10, 2014 order, the Clerk of the Board denied the appellant's request to file a reply to the agency's response exceeding the Board's page limit but ruled that she could file a 15-page pleading, exclusive of attachments, no later than September 17, 2014. *Id*., Tab 11. The appellant's reply was filed using the Board's e-Appeal system and bears a filing time and date of 1:31 a.m. on September 18, 2014. PFR File, Tab 13. Because the appellant filed from the Mountain Time Zone, and the Board's e-Appeal system establishes the filing time based on Eastern Time, her reply to the agency's response to the petition for review was timely filed on September 17. *See* [5 C.F.R. § 1201.14](#)(m). However, the pleading, together with substantive attachments setting forth the facts and

asserting errors in the administrative judge's factual findings and rulings during the course of the appeal, exceeded 15 pages. PFR File, Tab 13. The agency objected to the appellant's reply and she has responded to the objection. *Id*., Tabs 14-15. We agree with the agency that the appellant's pleadings, with their many substantive attachments, far exceed the 15-page limit. In the September 10 order, the Clerk of the Board noted that the Board would consider at a later date the appellant's September 5 and 7 motions to waive the time limit for filing a reply. *Id*., Tab 11 at 2; *see id*., Tabs 6-7. However, because the appellant was afforded an opportunity to reply to the agency's response, we find her motions are moot.[3]

¶9     Regarding the documentary evidence the appellant submitted with her reply, to the extent that the evidence is not already part of the record, the Board generally will not consider evidence submitted for the first time on petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989) (to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed). The appellant has made no such showing here. In any event, we reviewed the appellant's substantive submissions on review and determined that the documentation and arguments contained therein would not change the outcome of our decision that the administrative judge's findings were correct,

---

[3] To the extent that the appellant is asking that we overturn the administrative judge's ruling below on her request for interlocutory appeal, that request is DENIED. Also, on April 27 and 29, 2015, the appellant filed motions for leave to submit additional pleadings, alleging in her second motion for leave that "over the course of litigation of Petitioner's civil action before the United States District Court for the District of Colorado, new and material evidence and legal argument have become available . . . ." PFR File, Tabs 20, 23. Because the appellant has not shown how any evidence and argument contained in a pending civil action before the United States District Court for the District of Colorado relates to this appeal, the Board denies her April 27 and 29, 2015 motions for leave to submit additional pleadings.

with the exception of one issue, discussed immediately below. *See* ID; *see also* 5 C.F.R. § 1201.114(h).

The appellant attempted to file an individual right of action appeal below, which was not addressed by the administrative judge.

¶10 The appellant argues on review that she attempted to file an IRA appeal below. *See* PFR File, Tab 13, Exhibit 10. She states that, with her January 8, 2014 prehearing submission, she furnished a copy of a close out letter she received from the Office of Special Counsel (OSC), which notified her that OSC was closing its investigation into her November 14, 2012 complaint and that she had a right to file an IRA appeal with the Board. She asserts that during the January 10, 2014 prehearing conference in this case, she asked the administrative judge about the OSC close out letter. She also states that she explained to the administrative judge that she "had filed her November 12, 2012 complaint as part of her initial appeal to the Board." *Id.* She contends that the administrative judge then reviewed the initial appeal and confirmed that she "filed her OSC complaint as part of her appeal." *Id*. According to the appellant, the administrative judge advised the parties that she would need some time to consider how to proceed with this whistleblower claim, including the possibility that she might "break [the appellant's] appeal into two separate appeals," or that she might "combine or split the issues" in the appeals. *Id*. The appellant argues that, although the administrative judge promised to advise the parties what she would do with the IRA appeal, she did not address the matter in her January 15, 2014 order and summary of prehearing conference or in the initial decision. The appellant argues that she "remains clueless until this day" regarding what the administrative judge decided to do about the whistleblower claims she raised in her IRA appeal. *Id*.

¶11 Based on our review of the record, we agree with the appellant that she previously attempted to file an IRA appeal with the Board and that her claim was never adjudicated. In her initial appeal, the appellant indicated that on June 25, 2012, she disclosed to the agency's Office of Inspector General and "to several

individuals and agencies" that the agency committed safety violations in contravention of Occupational Safety and Health Administration laws. IAF-1, Tab 2 (MSPB Form 185-5 at 1-2) ("Whistleblower Claims or Individual Right of Action (IRA) Appeal"). She alleged that, as a result of her disclosure, the agency "prosecuted and harassed" her. *Id*. In addition, she reported that she filed a complaint with the OSC on August 8, 2012, concerning these allegations but that, at that juncture, she had not yet received written notice from OSC regarding her right to file an IRA appeal with the Board. *See id*. at 3.

¶12     With her appeal, the appellant attached copies of two complaints she filed with OSC, one of which is dated August 6, 2012, and the other of which is dated November 14, 2012. *See* IAF-1, Tab 2 (Attachments). In the August 2012 complaint, the appellant raised a number of potential protected disclosures, including her description of safety hazards that she believed existed at the agency and the agency's failure to correct these reported health issues. In addition, she alleged that the agency falsified her time and attendance records when it charged her as AWOL, unlocked and searched her office without her permission "and for no proper justification," and then left her office unlocked, thereby compromising the confidentiality of certain records.[4] She asserted that, as a result of these disclosures, the agency took various personnel actions against her, such as reporting her as AWOL, denying her requests for telework and reasonable accommodation, prohibiting her from filing Office of Workers' Compensation Programs (OWCP) claims, and providing her with an "[u]nfair performance review evaluation" in November 2011. *Id*. (Attachments).

¶13     In the November 2012 OSC complaint, the appellant reiterated many of the same alleged disclosures and personnel actions that she raised in her earlier complaint. Additionally, as to other possible disclosures, she indicated that the agency engaged in acts that were "criminal in nature under many statues [sic] and

---

[4] Admittedly, it is not always clear from these documents the distinction the appellant is making between some of her alleged protected disclosures and personnel actions.

laws," made false statements about the medical documentation she furnished to the agency, and provided the Department of Labor with false time and attendance records to thwart her efforts at obtaining OWCP benefits. She stated that because of these alleged disclosures, the agency engaged in a series of "harsh and cruel reprisal actions," such as giving her "unjustified performance reviews and ratings," changing her position description while she was out on leave under the Family and Medical Leave Act of 1993, and eventually removing her. *Id*. (Attachments).

¶14 Moreover, as the appellant asserted, she produced a copy of OSC's May 29, 2013 close out letter, which she filed as an exhibit with her prehearing submissions. *See* IAF-2, Tab 27, Exhibit L.

¶15 Given the above, we find that the appellant has established that she attempted to raise her whistleblower claims as a separate IRA appeal, which was not adjudicated. We therefore are forwarding this IRA appeal to the field office for adjudication. The administrative judge is to provide the appellant with proper notice of any jurisdictional and timeliness issues related to this IRA appeal. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

repayment of fees, costs, or other security. *See* [42 U.S.C. § 2000e](#)-5(f) and [29 U.S.C. § 794a](#).


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.